IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIDNEY MARTS,

    Petitioner,

v.                                                        CASE NO. 4:13-cv-5-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner, a state inmate incarcerated at Liberty Correctional Institution, initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) For the following reasons, the undersigned recommends that the petition be dismissed.

Petitioner's claims stem from his conviction in Georgia state court for robbery by pickpocket, for which he received a five-year probationary sentence. Petitioner asserts that he filed a petition for writ of habeas corpus in Florida state court with respect to this conviction on November 27, 2012. (Doc. 1, at 2.) He asserts that the petition in that case was transferred to a different county, but is still pending. He also asserts that he filed a petition for writ of habeas corpus in Georgia state court, challenging the same conviction. (Doc. 1, at 5.)

In the instant petition, Petitioner contends that he is being held on a probation violation warrant stemming from his Georgia conviction, but that the probation violation warrant was not properly issued from the Georgia court. Petitioner asserts that court, county, and jail officials in both Florida and Georgia have conspired together to prevent

Petitioner from challenging his confinement. He further alleges that Florida officials have threatened to extradite him to Georgia in violation of the law.

As an initial matter, because Petitioner is incarcerated at Liberty Correctional Institution and challenges his conviction in Atlanta, Georgia, jurisdiction is appropriate either in this district or in the United States District Court for the Northern District of Georgia, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Parker v. Singletary*, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992). Although the Court could transfer the petition to the Northern District of Georgia for further proceedings, as explained below it is clear from the petition that Petitioner is not entitled to habeas corpus relief. Therefore, in the interest of judicial economy, the undersigned recommends that the petition be dismissed for lack of jurisdiction over the proper respondent rather than transferred. *See, e.g., Green v. Warden, USP Lewisburg*, No. CV508-018, 2009 WL 960104 at *4 n.1 (S.D. Ga. Apr. 8, 2009) (declining to re-transfer § 2241 petition from district of conviction back to district of confinement where it was originally filed, because it was clear that petitioner was not entitled to relief and transferee court opted not to "engage in game of judicial 'tag'").

Federal habeas relief may not be granted unless a Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any

available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process.").

It is clear that Petitioner has invoked available state court remedies in both Florida and Georgia, as he acknowledges in his petition that he has filed writs of habeas corpus in the state courts of both states but that those petitions remain pending. The Petitioner acknowledges that the state habeas petitions challenge the same conviction that Petitioner challenges here. Petitioner has not exhausted his state remedies, and the petition does not present any "circumstances . . . that render such process ineffective to protect the rights of the applicant."

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DISMISSED** without prejudice for failure to exhaust available state court remedies.[1]

**IN CHAMBERS** at Gainesville, Florida, this 6th day of August 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1]A review of the DOC Inmate Locator reflects that Petitioner is in custody pursuant to four 2007 Escambia County convictions. These convictions were the subject of a prior federal habeas corpus petition. *See Marts v. Sec'y*, Case No. 3:10-cv-240-LC-EMT. In this case, Petitioner is challenging a criminal case and alleged warrant issued by a Georgia court. But Petitioner is not "in custody" pursuant to a judgment of the Georgia court; he is "in custody" pursuant to a judgment and sentence imposed in Escambia County. Accordingly, in addition to failing to exhaust remedies, it appears that this Court lacks jurisdiction over his claims pursuant to 28 U.S.C. 2254(b)(1).

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.